UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re: Scott W. Charmoli and
Lynne M. Charmoli,

Debtors.

Case No. 22-24358-gmh

Chapter 11 (Subchapter V)

---

### THE UNITED STATES TRUSTEE'S OBJECTION TO THE
### MOTION TO ESTABLISH DEADLINE TO FILE PROOFS OF CLAIMS

---

The United States Trustee Patrick S. Layng, by Attorney John W. Nemecek, objects as follows to the Motion to Establish Deadline to File Proofs of Claims filed by Scott Charmoli and Lynne Charmoli (collectively, the "Debtors"):

### BACKGROUND FACTS

1. On October 3, 2022, the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of the U.S. Bankruptcy Code. ECF No. 1.

2. William E. Wallo has been appointed by the United States Trustee to act as Subchapter V Trustee in this case. ECF No. 15.

3. The first meeting of creditors is scheduled for November 3, 2022. ECF No. 19.

4. The Debtor Scott Charmoli's bankruptcy schedules evidence approximately 105 unsecured creditors and no secured creditors.

5. The Debtors' unsecured creditors largely consist of former dental patients of Debtor Scott Charmoli who may have tort claims against the Debtors. With respect to these tort claims the Debtor states that "[a]pproximately ninety of his former patients have asserted in four state court civil proceedings various claims based in malpractice, intentional tort, fraud, and

John W. Nemecek
Attorney for the United States Trustee
517 East Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
Phone (414) 297-4499; Fax (414) 297-4478

misrepresentation arising from certain elective dental procedures he performed for them." ECF No. 9 at p. 1.

6. On October 3, 2022, the Debtors filed a Motion to Establish Deadline to File Proofs of Claims (the "Motion"). ECF No. 9. The Motion sought to establish November 17, 2022 as the deadline for creditors to file a proof of claim "[i]n order to facilitate the claim resolution process and allow the Debtors to develop the framework plan of reorganization." *Id* at p. 6.

7. On October 4, 2022, the Court entered an Order Scheduling (1) Chapter 11 Status Conference and (2) Hearing on Debtors' Motion to Establish Deadline to File Proofs of Claims (the "Scheduling Order"). ECF No. 13.

8. On October 5, 2022, the Debtors filed a Certificate of Service with respect to the Motion. The Certificate of Service indicates that the Motion was served by e-mail upon various bankruptcy and personal injury attorneys. Importantly, the Certificate of Service does not indicate that the Motion was served upon the former dental patients of Debtor Scott Charmoli, who constitute the majority of potential creditors in the case.

9. On October 11, 2022, the Court conducted a hearing with respect to Motion. The related Court Minutes and Order were filed on October 13, 2022 (the "Court minutes"). ECF No. 25.

**LAW AND ANALYSIS**

10. Fed.R.Bankr.P. 3003(c)(3) provides that "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."

11. "A debtor must provide actual notice to all known creditors in order to discharge their claims. Known creditors include both claimants actually known to the debtor and those whose

2

Case 22-24358-gmh    Doc 30    Filed 10/14/22    Page 2 of 5

identities are reasonably ascertainable." *In re Energy Future Holdings Corp.*, 522 B.R. 520, 529 (Bankr. Del. 2015) (internal citations omitted).

12. "By contrast, the debtor need only provide unknown creditors with constructive notice by publication. Constructive notice must be reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*

13. "Due process entitles creditors to the heightened notice provided for by the Bankruptcy Code and Rules, and … an elementary and fundamental requirement of due process in any proceeding which is to be afforded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Hanson*, 397 F.3d. 482, 486 (7th Cir. 2005).

14. "The general standard in litigation is that the movant bears the burden of proof." *In re Kimball Hill, Inc.*, 565 B.R. 878, 891 (Bankr. N.D. Ill. 2017).

*The Debtors Have Not Provided Reasonable Notice of the Motion to Creditors*

15. In this case, the known creditors have already been identified by the Debtors on their Schedule E/F.

16. As noted in the Court minutes, the Debtors conceded at the October 11, 2022 hearing that there are 1,500 to 2.000 individuals who may be holders of unsecured claims unknown to the Debtors.

17. The Certificate of Service does not indicate that the Motion was served on Debtors' known creditors appearing on Schedule E/F or that notice of the Motion was made by publication for the benefit of unknown creditors. Rather, the Certificate of Service merely indicates that the Motion was served on various attorneys who may or may not represent any particular creditor in

a non-bankruptcy proceeding.

18. Therefore, the Debtors have not provided reasonable notice of the Motion to known and unknown creditors.

*The Proposed Claims Bar Date Does Not Provide Creditors with an Adequate Opportunity to be Heard*

19. As referenced above, the Motion seeks to set a claims bar deadline of November 17, 2022, a date which is 45 days from the petition date.

20. The Court noted in its Scheduling Order that the claims bar date for Subchapter V cases in this judicial district is traditionally 70 days from the petition date.

21. The proposed claims bar date of November 17, 2022 would leave potential creditors with only 14 days from the November 3, 2022 first meeting of creditors to discern whether or not they have a claim against the Debtors and, if so, to file a timely a proof of claim.

22. Therefore, the relief sought in the Motion may unduly prejudice known and unknown creditors of the Debtors by unreasonably limiting the period to file claims in the case.

23. Given the nature of the tort claims and the lack of notice to tort claimants to date, the United States Trustee submits that the claims bar date should be no less than 120 days from the date of notice to creditors of said bar date.

WHEREFORE, the United States Trustee objects to the Debtors' Motion to Establish Deadline to File Proofs of Claim for the reasons stated herein.

Dated: October 14, 2022

PATRICK S. LAYNG
United States Trustee

JOHN NEMECEK  Digitally signed by JOHN NEMECEK
Date: 2022.10.14 14:45:12 -05'00'
_____
JOHN W. NEMECEK
Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

      I hereby certify that on October 14, 2022, I electronically filed the **UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION TO ESTABLISH DEADLINE TO FILE PROOFS OF CLAIMS** with the Clerk of the Bankruptcy Court using the ECF system which will send notification of such filings to the appropriate ECF filers, and further, that I mailed copies of both documents, via first-class U.S. mail, to the following:

Scott W. Charmoli
Lynne M. Charmoli
565 Cottonwood Lane
Grafton, WI 53024

*Beth McGowan*
Beth McGowan, Paralegal Specialist
Office of the United States Trustee