United States Bankruptcy Court
Eastern District of Wisconsin

| | |
|---|---|
| In re:<br>Scott W. Charmoli<br>Lynne M. Charmoli<br>    Debtors | Case No. 22-24358-gmh<br>Chapter 11 |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0757-2 | User: adkt | Page 1 of 2 |
| Date Rcvd: Oct 14, 2022 | Form ID: pdfhrg | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 16, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dbpos | + | Lynne M. Charmoli, 565 Cottonwood Lane, Grafton, WI 53024-9592 |
| dbpos | + | Scott W. Charmoli, 565 Cottonwood Lane, Grafton, WI 53024-9592 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 16, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 14, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| John Nemecek | on behalf of U.S. Trustee Office of the U. S. Trustee john.nemecek@usdoj.gov |
| Office of the U. S. Trustee | ustpregion11.mi.ecf@usdoj.gov |
| Paul G. Swanson | on behalf of Debtor In Possession Lynne M. Charmoli pswanson@steinhilberswanson.com<br>hsaladin@steinhilberswanson.com;9572849420@filings.docketbird.com |
| Paul G. Swanson | on behalf of Debtor In Possession Scott W. Charmoli pswanson@steinhilberswanson.com<br>hsaladin@steinhilberswanson.com;9572849420@filings.docketbird.com |

Peter T. Nowak
       on behalf of Debtor In Possession Scott W. Charmoli pnowak@steinhilberswanson.com 9499935420@filings.docketbird.com

Peter T. Nowak
       on behalf of Debtor In Possession Lynne M. Charmoli pnowak@steinhilberswanson.com 9499935420@filings.docketbird.com

William E Wallo
       on behalf of Trustee William E Wallo wwallo@bakkenorman.com aclarkson@bakkenorman.com

William E Wallo
       wwallo@bakkenorman.com aclarkson@bakkenorman.com

TOTAL: 8

So Ordered.

Dated: October 14, 2022



G. Michael Halfenger  
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Scott W. Charmoli and Lynne M. Charmoli,    Case No. 22-24358-gmh

    Debtors in possession.    Chapter 11

Address:    565 Cottonwood Lane  
    Grafton, WI 53024

Last four digits of Social Security Nos.: 6819 & 3234

**ORDER**  
**SCHEDULING SECTION 1188(a) CONFERENCE AND REPORT DEADLINE**

On October 3, 2022, the debtors filed a chapter 11 petition and elected to proceed under subchapter V. The debtors must file a plan of reorganization not later than 90 days after filing the bankruptcy petition, see 11 U.S.C. §1189(b), and must file periodic operating reports as required by §1187(b) and as ordered below.

The court held a preliminary conference on October 11, 2022.

Based on the record, including the report of counsel at the preliminary conference, **IT IS ORDERED**:

1. **Section 1188(a) conference**: The court will conduct the status conference required by 11 U.S.C. § 1188(a) on **December 2, 2022, at 2:00 p.m.** Participants may appear by telephone. To appear by telephone, you must call the court conference line at 1-888-684-8852, and enter access code 7183566 before the scheduled hearing time.

    a. *Required appearances*: Debtors' counsel, the debtors, and the subchapter V trustee must attend this hearing.

    b. *Filing mandatory preconference report*: Not later than **14 days before the status conference**, the debtors must file and serve on all parties in interest a preconference report that describes at least the following in detail:

        i. The efforts the debtors have undertaken or will undertake to attain a consensual plan of reorganization. *See* 11 U.S.C. §1188(c).

        ii. Any complications the debtors perceive in promptly proposing and confirming a plan, including any need for discovery, valuation adjudication, motion practice, claim adjudication, or adversary proceeding litigation.

        iii. The nature of the debtors' business or occupation and the goals of the reorganization plan.

        iv. Any motions the debtors contemplate filing or expect to file before confirmation.

        v. Any objections to claims or interests the debtors expect to file before plan confirmation and any potential need to estimate claims for voting purposes.

        vi. Estimated time by which the debtors expect to file and serve their plan of reorganization.

        vii. All dates on which the debtors will be unable to attend a hearing on confirmation.

        viii. Other matters that the debtors expect the court will need to address before confirmation.

        ix. Other issues that the debtors contend could impact the efficient administration of the case.

    c. *Requests for adjournment*: Any request for an adjournment of the status conference must be made by motion served on all parties who have appeared or filed claims, as well as the subchapter V trustee and the United States trustee, accompanied by notice of a 7-day objection period. The motion must fully explain the reasons for requested adjournment, and, **if the requested adjournment would place the conference at a date later than 60 days after the order for relief, must be supported by facts demonstrating circumstances for which the debtors should not justly be held accountable**. *See* 11 U.S.C. §1188(b). The court may grant the motion before the expiration of the objection period in which case the court will treat any timely filed objection as a motion to reconsider, which the court will decide de novo.

2. **Ordinary Course Expenses.** On or before October 28, 2022, the debtors must file a budget setting out their monthly ordinary-course-of-business expenses, as well as all other monthly expenses that the debtors maintain do not require court approval under 11 U.S.C. §363(c)(1). Any party in interest may contest the budget by filing an objection by no later than November 30, 2022. In the absence of a contest the court will presume (subject potentially to later rebuttal) that use of estate property to pay the expenses listed in the budget are made in the ordinary-course-of-business as provided by 11 U.S.C. §363. If debtors later desire to change the budget, they must file a motion for approval of a new budget accompanied by a declaration attesting to the accuracy of the new budget and the cause for the amendment; any such motion need be served only on those creditors who receive ECF notices.

3. **Monthly operating reports:** The debtors must file and serve on the United States trustee monthly operating reports containing the information required by 11 U.S.C. §§1187 and 308, including summaries of the operation of the debtors' business, profitability, and statements identifying all receipts and disbursements. The debtors must file each monthly report on or before the 21st day of the following month. The debtors' monthly operating reports must be made using the form required by the United States trustee.

4. **Model plan form:** The debtors must use the subchapter V plan form on the court's website in proposing a plan of reorganization.

5. **Failure to follow this order's directives may result in dismissal:** The failure to follow this order's directions may result in the court denying confirmation and

dismissing the case. The court may also impose other sanctions for not complying with this order.

6. **Debtors to serve this order:** The debtors are directed to serve this order on all parties in interest.

# # # #