UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

SCOTT W. CHARMOLI and
LYNNE M. CHARMOLI,

      Debtors.

Case No. 22-24358-gmh

Chapter 11

---

JACKSON FAMILY DENTISTRY, LLC
and SCOTT W. CHARMOLI,

      Plaintiffs and Counterclaim-
      Defendants,

    v.

MAJOR DENTAL PARTNERS, LLC,
PAKO MAJOR, and JACKSON FAMILY
DENTAL, LLC,

      Defendants and Counterclaim-
      Plaintiffs.

Adv. No. 22-2136-gmh

---

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION
FOR REMAND AND TO ABSTAIN**

---

Major Dental Partners, LLC ("MDP"), Dr. Pako Major ("Dr. Major"), and Jackson Family Dental, LLC ("JFD" and together with MDP and Dr. Major, "Major Dental"), by and through their undersigned counsel, submit this supplemental brief (the "Supplemental Brief") in support of the motion (the "Motion") to remand the state court litigation and abstain, pursuant to 28 U.S.C. § 1334(c) and 28 U.S.C. § 1452(b) filed in the above-referenced adversary proceeding (Docket No. 9), pursuant to this Court's April 5, 2023 Order (Docket No. 23).[1]

---

[1] The Order was also filed in the underlying bankruptcy case at Docket No. 182.

## PRELIMINARY STATEMENT

1. On April 5, 2023, this Court entered an Order (the "Order") that, among other things, requested the parties submit supplemental briefs on whether the actions at issue in the above-referenced adversary proceeding are "core" proceedings, which would be determinative of whether the claims are subject to mandatory abstention under 28 U.S.C. § 1334(c)(2).

2. Subsequent to initial briefing and argument on the Motion, MDP and Dr. Major filed proofs of claims (the "POCs") against Scott Charmoli (the "Debtor"). The POCs are based on the counterclaims MDP and Dr. Major assert against the Debtor and those claims thus constitute "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).[2] The other claims at issue, however, are based entirely on state law, are decidedly *not* "core" proceedings, and are subject to mandatory abstention. Accordingly, the Bankruptcy Court must remand all other claims at issue in the bankruptcy case and adversary proceedings – *i.e.,* Major Dental's claims against Jackson Family Dentistry, LLC ("Jackson Family Dentistry" and together with the Debtor, "Charmoli"), Jackson Family Dentistry's claims against Major Dental, and Charmoli's claims against Major Dental.

3. Additionally, while not the subject of this Supplemental Brief, Major Dental submits that abstention is nonetheless warranted pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452, as argued in the initial briefing on the Motion.

## DISCUSSION

4. The Order requests supplemental briefing on jurisdictional issues that may be dispositive of whether mandatory abstention applies under 28 U.S.C. § 1334(c)(2). (Order at 8).

---

[2] All references herein to claims being "core" proceedings shall refer to the provisions of 28 U.S.C. § 157(b)(2). Major Dental reserves all rights and arguments as to whether the Bankruptcy Court can enter final judgments or orders on the claims at issue in this bankruptcy case and related adversary proceedings under Article III of the Constitution. *See Stern v. Marshall,* 564 U.S. 462, 482 (2011); *see also* Order at 15. Major Dental does not consent to the entry of final orders or judgments by the Bankruptcy Court.

Specifically, the Order requests briefing on whether the claims and counterclaims in the adversary proceeding are core proceedings "arising in" the bankruptcy case and raises issues concerning: (i) whether the claims of the Debtor against Major Dental would constitute "proceedings affecting the liquidation of the assets of the estate" under 28 U.S.C. § 157(b)(2)(O) (Order at 10-11) and whether the claims by and against Jackson Family Dentistry (the Debtor's dental practice entity) are core proceedings because they are "proceedings affecting the liquidation of" an estate asset under § 157(b)(2)(O) or "matters concerning the administration of the estate" under § 157(b)(2)(A) (Order at 13-14); (ii) whether a common nucleus of facts impacts whether claims of the Debtor against Major Dental are core proceedings (Order at 11-12);[3] and (iii) whether post-*Stern* cases correctly hold that claims may not be statutorily core proceedings irrespective of whether they fall within one of the categories of core proceedings listed in § 157(b)(2) (Order at 14-15). Each of these issues is addressed below.

**I.     The Claims of the Debtor Against Major Dental and the Claims By and Against Jackson Family Dentistry Are Not Core Proceedings**

5.     The Debtor's claims against Major Dental and the Claims by and against Jackson Family Dentistry are not core proceedings. The Order raises the prospect that these claims could be considered "proceedings affecting the liquidation of the assets of the estate" under § 157(b)(2)(O) or "matters concerning the administration of the estate" under § 157(b)(2)(A). As detailed below, these claims are based entirely on state law and do not fit under either of the enumerated categories of claims that constitute core proceedings. As such, the claims are non-core proceedings and mandatory abstention is appropriate.

6.     "Bankruptcy courts are courts of limited jurisdiction, competent to hear cases

---

[3] The Order references whether the common nucleus of facts renders the removed counterclaims against Charmoli core proceedings. (Order at 12). The counterclaims are the subject of the POCs and are thus core proceedings.

3

arising under, arising in, and related to title 11." *In re Castex Energy Partners, LP*, 584 B.R. 150, 154 (Bankr. S.D. Tex. 2018) (citing 28 U.S.C. §§ 157(a) and 1334(b) and *Stern,* 564 U.S. at 473); *In re Systems Engineering & Energy Mgmt. Assoc., Inc.*, 252 B.R. 635, 638 (Bankr. E.D. Va. 2000) (stating "Bankruptcy courts have only the jurisdiction and powers that Congress has granted expressly or by necessary implication."). 28 U.S.C. § 157(b)(1) provides that bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11.

7. 28 U.S.C. § 157(b)(2) lists sixteen categories of matters that are considered core proceedings. *Stern* at 474. Those categories include: "matters concerning the administration of the estate" (§ 157(b)(2)(A)); and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(O).

8. §§ 157(b)(2)(A) and (O) are considered "catch all categories." *See, e.g., In re Giga Watt, Inc.*, 2021 WL 1584527, at *2 (Bankr. E.D. Wash. Apr. 22, 2021). These broad categories should be given a narrow interpretation; the preferable path is to deem matters core under the more specific examples of § 157(b)(2). *See In re Cassidy Land and Cattle Co., Inc.*, 836 F.2d 1130, 1132 (8th Cir. 1988) (stating "[c]ourts have cautioned against a broad interpretation of these catchall provisions for fear of emasculating the mandate of *Marathon*."); *Blanco v. Hoehn (In re Gaston & Snow),* 173 B.R. 302, 305 (S.D.N.Y. 1994) (stating the two "'catchall' examples must not be so widely applied as to obliterate the core/non-core distinction itself."); *In re Directory Distributing Associates, Inc.*, 566 B.R. 869, 878 (Bankr. S.D. Tex. 2017); *In re Maxus Energy Corp.*, 560 B.R. 111, 121-22 (Bankr. D. Del. 2016) (finding mandatory abstention applied and stating "courts generally find that state law causes of action brought by or on behalf of the debtor, which do not fall within the provisions of 28 U.S.C. § 157(b)(2)(B)-(N)

are non-core matters." (quoting *In re Stone & Webster, Inc.*, 367 B.R. 523, 526 (Bankr. D. Del. 2007))).

9. § 157(b)(2)(A) is typically reserved for determining matters closely tied to bankruptcy administrative matters, such as requests to dismiss a bankruptcy case, enforcing an order of the bankruptcy court or requests to abstain and remand. *See, e.g., In re Class A Properties Five, LLC*, 600 B.R. 27, 30 (Bankr. N.D. Ill. 2019) (considering motion to dismiss chapter 11 case); *see also In re Delta Investments & Development, LLC*, 2019 WL 137578, at *12 (Bankr. S.D. Miss. Jan. 8, 2019); *In re Bechard*, 2014 WL 367419, at *1 (Bankr. W.D. Wis. July 21, 2014).

10. The other catchall provision – § 157(b)(2)(O) – covers proceedings affecting the liquidation of the estate. While debtors often argue that pre-petition litigation falls under the language of this provision, courts are reluctant to apply this provision to general litigation claims and routinely hold that "merely because the bankruptcy estate has the potential to recover funds as a result of [litigation] does not render the proceeding 'core.'" *In re Cashco, Inc.*, 614 B.R. 715, 720 (Bankr. D. N.M. 2020) (collecting cases); *In re Scott*, 572 B.R. 492, 519 (Bankr. S.D. N.Y. 2017) (denying request to consider state law litigation a core proceeding and stating, "to interpret the language of § 157(b)(2)(O) so broadly would render the distinction between core and non-core claims meaningless." (internal quotations omitted)).

11. The Debtor's claims against Major Dental are asserted under state law and seek monetary damages. While these claims could potentially recover funds for the estate, that possibility is not sufficient to render them "core." *In re Cashco*, 614 B.R. at 720. They are "clearly created by state law [and] also have no substantive anchor in the Bankruptcy Code." *In re Bechard,* 2014 WL 3671419, at *6 (rejecting argument that state law litigation claims of estate were core proceedings); *Tultex Corp. v. Freeze Kids, L.L.C.,* 252 B.R. 32, 38 (S.D.N.Y. 2000)

Case 22-24358-gmh    Doc 185    Filed 04/19/23    Page 5 of 10

5

(addressing breach of contract action and stating "if this action were regarded as core, then virtually any action by a debtor that would result in a recovery for the estate would be a core proceeding."). Based upon the foregoing, it is clear that the Debtor's claims against Major Dental are not core proceedings.

12. The claims by and against Jackson Family Dentistry are also asserted under state law and are even further removed from the realm of core proceedings. The Order correctly notes that Jackson Family Dentistry has been dissolved and continues only for the purpose of winding up. (Order at 12). However, if Jackson Family Dentistry is somehow successful in pursuit of its claims against Major Dental, it must first use the proceeds of those claims to pay the debts of Jackson Family Dentistry before any distribution could be made to the Debtor on account of his equity interest. *See* Wis. Stat. § 183.0707(1).

13. Of course, any claims against the Debtor for damaging patients' teeth while he owned and operated Jackson Family Dentistry would undoubtedly be asserted against both the practice and the Debtor. Given the scope of the Debtor's improprieties in damaging patients' teeth, the dollar amount of patient claims and other creditor claims against Jackson Family Dentistry will far exceed any possible recovery against Major Dental.[4] As such, there will be no funds flowing to the estate on account of the Debtor's interest in Jackson Family Dentistry. And even if funds could possibly flow to the Debtor on account of his interest in Jackson Family Dentistry, that would not render the claims "core" under § 157(b)(2) because a mere possibility of a recovery is insufficient to make a claim a core proceeding. *See, e.g., In re Cashco,* 614 B.R. at 720; *In re Scott,* 572 B.R. at 519; *In re Schmidt,* 453 B.R. 346, 351 (B.A.P. 8th Cir. 2011) (noting a proof of claim renders the underlying state court claim against debtor a "core" claim

---

[4] As the Order notes, 125 proofs of claim totaling over $40 million have been filed in the bankruptcy case (excluding a $5 million claim that the creditor has since requested to withdraw) and all but three of those claims are of the Debtor's former patients. (Order at 5).

but "it does not make [the creditor's] claims against the non-debtor corporations core. In sum, absent extraordinary circumstances, if a principal wishes to use the Bankruptcy Code to protect the assets of its corporation, or wants a bankruptcy court to decide causes of action against the corporation, it needs to file a bankruptcy case on behalf of the corporation.").[5]

14. The case of *In re Exide Technologies*, 544 F.3d 196 (3d Cir. 2014) – which the Court cites in its Order at page 11 – supports this conclusion. In *Exide*, the U.S. Court of Appeals for the Third Circuit was faced with several issues, including whether a creditor's proof of claim rendered the creditor's claims against non-debtor subsidiaries core proceedings. 544 F.3d at 212-218. The Court first noted that filing a proof of claim triggers the claims allowance process, which is a core proceeding. *Id.* at 214.

15. The Court, however, rejected the debtor's argument that filing a proof of claim creates core bankruptcy jurisdiction over claims against non-debtors. *Id.* The Court noted:

> To follow [the debtor's] argument to its logical conclusion, whenever a plaintiff sues multiple defendants and one files for bankruptcy, if that plaintiff files a proof of claim against the debtor, his or her claims against the remaining co-defendants would become "core" proceedings as well. We know this is not the case.

*Id.* at 217.

16. The same result is warranted here. The claims of the Debtor against Major Dental, and the claims by and against Jackson Family Dentistry are not rendered core proceedings based upon Major Dental's proof of claim.[6] The claims are subject to mandatory abstention, or alternatively, permissive abstention, as set forth in the Motion.

---

[5] Any argument that the claims of Major Dental against Jackson Family Dentistry are "core" is even more tenuous. The claims are entirely between non-debtor parties. The potential for overlap in facts and issues does not change the result, as explained below in Section II.

[6] The other cases cited in the Order regrading this issue also support this conclusion. Indeed, the cases (excluding *Exide*) generally deal with the state law claims of a creditor against the debtor and those claims becoming core proceedings by virtue of filing a claim in the bankruptcy case.

## II. Any Common Nucleus of Facts or Issues Does Not Render the Claims of the Debtor Against Major Dental and the Claims By and Against Jackson Family Dentistry Core Proceedings

17. The Order raises the question of whether common facts and consistent legal theories could render the claims of the Debtor against Major Dental and the claims by and against Jackson Family Dentistry core proceedings. (Order at 11-12).[7] The answer is in the negative – common facts and legal theories do not make the claims core proceedings.

18. An action may include both core and non-core components. *In re Longview Power, LLC*, 515 B.R. 107, 114 (Bankr. D. Del. 2014). The mere fact that a non-core claim is filed with a core claim will not mean the second claim becomes core. *Id.* (citing *In re Exide Technologies,* 544 F.3d at 206). Indeed, "a non-core complaint does not by simple entanglement with a core claim transmogrify into a core claim on which a bankruptcy judge can enter a final judgment." *In re Matrix Imaging Services Inc.*, 479 B.R. 182, 191 (Bankr. S.D. Ga. 2012) (citing *Hunt Constr. Grp., Inc. v. Elec. Mach. Enters., Inc. (In re Elec. Mach. Enters., Inc.)*, 474 B.R. 778, 782 (M.D. Fla. 2012)).

19. The decision in *Exide Technologies* – which the Court cites on page 11 of the Order – is instructive on this issue as well. In addition to the issue discussed in Section I, the *Exide* Court was faced with the question of whether non-core claims against non-debtors become core claims due to a close business relationship between the debtor and non-debtors. *Exide Technologies,* 544 F.3d at 218. The Court rejected any assertion that the claims could be so intertwined as to render the claims against non-debtors core proceedings. *Id.* at 220. In doing so, the Court stated:

---

[7] The issue is also raised later in the Order. (*See* Order at 13 (asking whether the nature of Major Dental's claims against the Debtor and Jackson Family Dentistry are such that resolution of the claims against Jackson Family Dentistry "would all-but resolve the proceedings in this court with respect to allowance or disallowance of the [Major Dental] claims in the underlying bankruptcy case and the dischargeability of Charmoli's alleged debts to them . . . .")).

> We reiterate that courts must engage in a claim-by-claim analysis to determine whether a proceeding is core. ***Each state court claim removed to bankruptcy court must be considered individually***; non-core claims do not become core simply by virtue of being pursued in the same litigation as core claims. Accordingly, the intertwinement theory cannot be sustained.

*Id.* (emphasis added and internal citations omitted).

20. The fact that the claims of the Debtor against Major Dental and the claims by and against Jackson Family Dentistry may derive from a common set of facts or legal theories – thus considered "intertwined" – is not sufficient to render them core proceedings. *In re Exide Technologies,* 544 F.3d at 220. Each claim must be deemed a core proceeding on its own merit, and as stated above, the claims of the Debtor against Major Dental and the claims by and against Jackson Family Dentistry are conclusively non-core proceedings. *See supra,* at Section I. Consequently, the Debtor's claims against Major Dental, and the claims by and against Jackson Family Dentistry, cannot be considered core proceedings and are subject to mandatory abstention.

### III. Based Upon the Supreme Court's Decision in *Stern*, the Categories Expressly Enumerated in 28 U.S.C. § 157(b)(2) are Statutorily Core Proceedings

21. As to the final jurisdictional inquiry raised in the Order – whether claims enumerated in § 157(b)(2) could nonetheless be considered statutorily non-core after the *Stern* decision – Major Dental agrees with the Order. Claims specifically enumerated in § 157(b)(2) are statutorily considered core claims based upon the Supreme Court's decision in *Stern*. This does not, however, end the analysis, as constitutional considerations are also necessary to determine whether the Bankruptcy Court can enter final orders or final judgments. *Stern,* 564 U.S. at 482. That analysis is beyond the scope of the issues raised in the Order, and Major Dental reserves all rights and arguments as to whether the Bankruptcy Court can enter final judgments or orders on the claims at issue in this bankruptcy case and related adversary proceedings under Article III of the Constitution. *See Stern,* 564 U.S. at 482.

## CONCLUSION

22. Based upon the foregoing, the Debtor's claims against Major Dental and the claims by and against Jackson Family Dentistry are not core proceedings. Major Dental thus respectfully requests that the Court enter an Order granting the Motion and remand such claims to the State Court.

Dated: April 19, 2023

**MAJOR DENTAL PARTNERS, LLC and DR. PAKO MAJOR**

By: */S/ Devon J. Eggert*
    One of Their Attorneys

Devon J. Eggert
Beck Chaet Bamberger & Polsky, S.C.
Two Plaza East, Suite 1085
330 W. Kilbourn Ave, Suite 1085
Milwaukee, Wisconsin 53202
Phone: (414) 390-5928
E-mail: deggert@bcblaw.net

and

Patrick J. Knight
Kristen N. Nelson
Gimbel, Reilly, Guerin & Brown, L.L.P.
Two Plaza East, Suite 1170
330 E. Kilbourn Ave., Ste. 1170
Milwaukee, Wisconsin 53202
Phone: (414) 271-1440
E-mail: pknight@grgblaw.com
       knelson@grgblaw.com